**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-7885**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LEE ALKIRE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Irene M. Keeley, District Judge. (CR-92-219, CA-95-75-2)

---

Submitted: March 21, 1996      Decided: April 10, 1996

---

Before NIEMEYER and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Christopher Lee Alkire, Appellant Pro Se. Rita R. Valdrini, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher L. Alkire appeals from a district court order denying his 28 U.S.C. § 2255 (1988) motion. We affirm.

Alkire's complaint that he is being moved to a federal prison outside West Virginia, where he has lived his entire life, is without merit.[1] 18 U.S.C.A. § 3621(b) (West 1985 & Supp. 1995); cf. Meachumn v. Fano, 427 U.S. 215, 224-25 (1976). Alkire's complaint that the portion of the sentence restricting his use of a telephone while in prison is without merit; there is no constitutional or federal statutory right to use of a telephone while in prison.[2] Finally, even though the district court erred in not applying the federal sentencing guidelines with regard to whether service of the federal sentence should be concurrent with a now-expired state sentence, Alkire failed to raise this nonconstitutional claim on direct appeal and has failed to show cause and prejudice for the failure. Thus, Alkire waived the claim. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). We affirm this portion of the district court order on this alternative basis.

---

[1] Because this claim alleges infirmity in the manner of the execution of sentencing it would have been brought more properly under 28 U.S.C. § 2241 (1988). The lack of substantive merit makes consideration of the claim under § 2255 harmless error.

[2] The district court's mistake in commenting that the acts underlying the current convictions were accomplished entirely while Alkire was in prison is of no moment with regard to the substance of the decision.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED